IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-00072-14-CR-W-BCW |
| | ) | |
| JESUS F. ALMEIDA-OLIVAS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is currently before the Court on defendant Jesus Almeida-Olivas' Motion to

Sever (doc #685).   For the reasons set forth below, this motion is denied.

I.  INTRODUCTION

On March 13, 2012, the Grand Jury returned a twenty-seven count indictment against

defendants Porfirio Almeida-Perez, Sergio Almeida-Alvarez, Guillermo Ortiz-Iribe, Jesus

Monjardin-Araujo, Eric S. Medina-Medina, Guadalupe Lara-Armenta, Isidro Marrufo, Abel A.

Martinez, Norberto A. Dangla-Sanchez, Kevin D. Blum, Guadalupe Perez-Perez, Ignacio

Salcedo-Baez, Martin Tavizon-Nunez, Jesus F. Almeida-Olivas, Fredy Almeida-Velazquez,

Arturo Aviles-Perez, Cosme Ortiz-Miranda, Sergio Campos-Medina, Carlos Renteria, Ramon A.

Angulo-Sandoval, Jose A. Castro-Rojo, Ernesto Sandoval, Jose Isidro Marrufo-Rutiaga, Enrique

Lara, Esteban Acosta-Perez, Bruno Tavizon-Nunez, Isabel Gonzalez-Mendoza, Angel De La

Rosa-Garcia, Guzman Perez-Hernandez, Gerardo Flores-Magallon and Jose Guadalupe

Delgado-Delval.   Defendant Jesus F. Almeida-Olivas is charged only in Count One of the

indictment.   Count One provides:

Between on or about January 1, 2007, and the date of this Indictment, said dates being approximate, in the Western District of Missouri and elsewhere, [all of the above-listed defendants, except Guzman Perez-Hernandez],[1] did knowingly and intentionally combine, conspire, confederate, and agree with each other and others both known and unknown to the Grand Jury to: (1) distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in an amount of five hundred grams or more; (2) distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in an amount of five hundred grams or more; and (3) distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in an amount of fifty (50) kilograms or more, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), (b)(1)(B) and (b)(1)(D).

All in violation of Title 21, United States Code, Section 846.

(Doc #20 at 7) The only additional counts in which those six defendants currently set for trial are charged are Counts Fifteen and Twenty-One. Count Fifteen charges that on September 21, 2011, defendant Jesus Monjardin-Araujo used a telephone to facilitate the distribution of methamphetamine. Count Twenty-One charges that on January 22, 2012, defendant Sergio Campos-Medina used a telephone to facilitate the distribution of methamphetamine.

## II. DISCUSSION

### A. Defendant Almeida-Olivas Is Properly Joined In This Action

Rule 8(b), Federal Rules of Criminal Procedure, establishes the requirements for joinder of defendants. Defendants are permitted to be joined where "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." There is a preference in the federal system for joint trials of defendants who are

---

[1]Defendants Ortiz-Iribe, Medina-Medina, Salcedo-Baez, Almeida-Velazquez, Aviles-Perez, Angulo-Sandoval, Castro-Rojo, Sandoval, Acosta-Perez and Bruno Tavizon-Nunez have outstanding arrest warrants. Defendants Almeida-Perez, Lara-Armenta, Marrufo, Martinez, Dangla-Sanchez, Blum, Perez-Perez, Martin Tavizon-Nunez, Ortiz-Miranda, Renteria, Marrufo-Rutiaga, Gonzalez-Mendoza, De La Rosa-Garcia, Perez-Hernandez, Flores-Magallon and Delgado-Delval have entered guilty pleas.

indicted together.   See Zafiro v. United States, 506 U.S. 534, 537 (1993).   This is increasingly so when it is charged that defendants have engaged in a conspiracy.   See United States v. Pou, 953 F.2d 363, 368 (8th Cir.), cert. denied, 504 U.S. 926 (1992).

The question of whether joinder is proper is to be determined from the face of the indictment.   See United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998), cert. denied, 526 U.S. 1050 (1999).   See also United States v. Willis, 940 F.2d 1136, 1138 (8th Cir. 1991), cert. denied, 507 U.S. 971 (1993)("the indictment on its face revealed a proper basis for joinder"); United States v. Jones, 880 F.2d 55, 62 (8th Cir. 1989)("the superseding indictment reveals on its face a proper basis for joinder").

Given the factual allegations in the indictment, it is clear that the charge in Count One (that between January 1, 2007, and March 13, 2012, defendant Almeida-Olivas, along with his co-defendants Porfirio Almeida-Perez, Sergio Almeida-Alvarez, Guillermo Ortiz-Iribe, Jesus Monjardin-Araujo, Eric S. Medina-Medina, Guadalupe Lara-Armenta, Isidro Marrufo, Abel A. Martinez, Norberto A. Dangla-Sanchez, Kevin D. Blum, Guadalupe Perez-Perez, Ignacio Salcedo-Baez, Martin Tavizon-Nunez, Fredy Almeida-Velazquez, Arturo Aviles-Perez, Cosme Ortiz-Miranda, Sergio Campos-Medina, Carlos Renteria, Ramon A. Angulo-Sandoval, Jose A. Castro-Rojo, Ernesto Sandoval, Jose Isidro Marrufo-Rutiaga, Enrique Lara, Esteban Acosta-Perez, Bruno Tavizon-Nunez, Isabel Gonzalez-Mendoza, Angel De La Rosa-Garcia, Gerardo Flores-Magallon and Jose Guadalupe Delgado-Delval and others, conspired to distribute methamphetamine, cocaine and marijuana) satisfies the requirement that defendants are alleged to have participated in the same act or in the same series of acts constituting an offense.   There is no misjoinder in this case.

**B.  Defendant Almeida-Olivas Is Not Prejudiced By The Joinder**

"'When defendants are properly joined, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'"  United States v. Casteel, 663 F.3d 1013, 1018 (8th Cir. 2011)(quoting United States v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009)).   However, Rule 14, Federal Rules of Criminal Procedure, permits severance where joinder would result in unfair prejudice to a defendant.   The decision to sever lies in the trial court's discretion.   See United States v. Davis, 882 F.2d 1334, 1340 (8th Cir. 1989), cert. denied, 494 U.S. 1027 (1990).

Defendant Almeida-Olivas argues that he would be prejudiced by a joint trial for the following reasons:

> 4.     Mr. Almeida-Olivas is concerned that the jury will not be able to compartmentalize the evidence as it relates to separate defendants and the evidence of his involvement in the conspiracy appears to be limited to telephone calls in late September, October, and early November of 2011, a span of only about 2 months.

> 5.     Mr. Almeida-Olivas is concerned that the jury may use the accumulation of other evidence or infer guilt on his part when it would not have done so if he had a separate trial limited only to the evidence against him. … Mr. Almeida-Olivas does not want to be convicted based upon guilt by association.

(Motion to Sever (doc #685) at 2)

Defendant Almeida-Olivas appears to argue that his involvement in the conspiracy is limited and, therefore, the weight of the evidence to be introduced at a joint trial will be inapplicable to the charges against him and, thus, will cause him prejudice.   Apparently, defendant believes that the bulk of the evidence presented at a joint trial would be inadmissible against him if he were tried alone.   A similar argument was made and rejected in United States v. Ramsey, 510 Fed. Appx. 731 (10th Cir. Feb. 11, 2013), cert. denied, 134 S.Ct. 714 (2013), where the court found:

4

> … Ramsey's argument fails because he has not shown the evidence would be inadmissible to prove the conspiracy charge against him if he had been tried alone.
>
> Overt acts taken in furtherance of a conspiracy are admissible against all coconspirators as evidence of the conspiracy. See United States v. Scott, 37 F.3d 1564, 1581 (10th Cir. 1994). … Further, even if the sales were made before Ramsey joined the conspiracy, "a defendant who joins an ongoing conspiracy may be held accountable—for purposes of determining the scope of liability for the conspiracy charge itself—with the acts or statements of coconspirators that occurred prior to his entry into the conspiracy, if those acts or statements were in furtherance of the conspiracy. United States v. Hamilton, 587 F.3d 1199, 1207 (10th Cir. 2009).

510 Fed. Appx. at 734-35. Accord Rincon v. Burge, 2010 WL 6789121, *18 (S.D.N.Y. Sep. 8, 2010)("although some of the evidence concerned crimes in which not all of the defendants were directly involved, that evidence was admissible against all of them as alleged coconspirators, since the conduct in question involved overt acts in furtherance of the conspiracy").

To the extent that evidence would be admissible in a joint trial that would otherwise not be admissible if defendant Almeida-Olivas were tried alone, the law is clear that a defendant is not entitled to severance simply because the evidence against a co-defendant is more weighty than the evidence against him or because evidence admissible against a co-defendant may make his case more difficult to defend. In United States v. Willis, 940 F.2d 1136 (8th Cir. 1991), cert. denied, 507 U.S. 971 (1993), the court found:

> There can be little doubt that the joint trial made it more difficult for Willis [a minor participant charged in only two of thirty-two counts] to defend himself. The evidence clearly revealed that Duke was a major drug dealer with a "far-flung" operation. But difficulty alone is not a reason to reject joinder. A showing of clear prejudice must be made.

Id. at 1139. See also United States v. Pecina, 956 F.2d 186, 188 (8th Cir. 1992); United States v. Davis, 882 F.2d 1334, 1340 (8th Cir. 1989), cert. denied, 494 U.S. 1027 (1990).

Prejudice may occur if the jury is unable to compartmentalize the evidence against each defendant. See Willis, 940 F.2d at 1138. However, this potential problem can normally be resolved through applicable jury instructions. See Pecina, 956 F.2d at 188 ("Disparity in the weight of the evidence as between ... parties does not entitle one to severance ... In addition, the district court gave precautionary instructions advising the jury of the proper use of evidence as related to each defendant and each charge"); United States v. McConnell, 903 F.2d 566, 571 (8th Cir. 1990), cert. denied, 498 U.S. 1106 (1991)("the roles of the individual [defendants] were sufficiently distinct that the jury, aided by the court's instructions, could compartmentalize the evidence against each defendant"); United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989); United States v. Jackson, 549 F.2d 517, 526 (8th Cir.), cert. denied, 430 U.S. 985 (1977).

There is no reason to question that any possible prejudice to defendant Almeida-Olivas resulting from evidence presented against his co-defendants cannot be resolved through precautionary jury instructions. There is no prejudice in this case that would require severance in order to ensure a fair trial.

### III. CONCLUSION

The Court must balance the burden and cost of separate trials against the possible prejudice to defendants. In this case, the burden and costs of separate trials outweigh any possible prejudice asserted by defendant Almeida-Olivas. Therefore, it is

ORDERED that defendant Almeida-Olivas' Motion to Sever (doc #685) is denied.

/s/ Sarah W. Hays
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE